IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANA POLOCENO, individually and as next friend of A.I., a Minor, | § § § § | |
| Plaintiff, | § § | Civil No. 3:18-CV-01284-E |
| v. | § § | |
| DALLAS INDEPENDENT SCHOOL DISTRICT and KEENAN WASHINGTON, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Dallas Independent School District's and Defendant Keenan Washington's Motions to Dismiss Plaintiff's Second Amended Complaint (Docs. 60 and 61). For reasons that follow, the Motions are granted and Plaintiff's claims are dismissed with prejudice.

Plaintiff Ana Poloceno brings this suit individually and on behalf of her minor daughter, A.I. This case was transferred to Judge Ada Brown on September 18, 2019. On June 21, 2019, the previous judge granted the Defendants' Motions to Dismiss Plaintiff's First Amended Complaint. Plaintiff was granted leave to replead certain claims and filed a Second Amended Complaint. In her Second Amended Complaint, Plaintiff alleges that A.I. was a student at a middle school in the Dallas Independent School District (DISD) and Washington was her physical education teacher. If students did not wear

1

gym clothes for P.E., they had to do "ceiling jumps" as punishment. A "ceiling jump" is when a person squats down with both hands and hips to the floor and then jumps up with hands to the ceiling. As the school year progressed, the number of ceiling jumps given as punishment increased. In the first six weeks of the school year, the number of jumps required was 30. In April 2016, a student who did not dress properly for P.E. had to do 260 ceiling jumps. On about April 15, 2016, A.I. failed to wear the appropriate clothes to P.E. class. As punishment, Defendant Washington forced A.I. to do about 260 ceiling jumps without taking a break. It was only the second time that school year that A.I. failed to wear gym clothes to P.E., and she did not have the endurance of others who regularly did not dress appropriately for P.E. Washington knew this, and knew at least five female students had recently gone to the school nurse complaining of pain from the jumps, but proceeded with the punishment. A.I. was bedridden for a few days after the incident. Her condition grew worse, and she was hospitalized for almost a week and diagnosed with rhabdomyolysis, breakdown of muscle tissue. Child Protective Services and DISD conducted investigations of Washington for the discipline imposed on A.I. The DISD investigator found "violations for student discipline, corporal punishment, and student welfare and wellness against Defendant Washington."

Plaintiff asserts two claims in her Second Amended Petition. She alleges DISD violated Title IX of the Education Amendments of 1972 and

contends Washington is liable pursuant to Section 22.0511 of the Texas Education Code.  Both defendants have moved to dismiss Plaintiff's claim for failure to state a claim upon which relief can be granted.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  If a plaintiff fails to satisfy Rule 8(a), the defendant may move to dismiss the plaintiff's claims for "failure to state a claim upon which relief may be granted." *Id.* 12(b)(6).  To survive such a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff.  *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

**Title IX Claim Against DISD**

Title IX prohibits sex discrimination by recipients of federal education funding. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005).  The statute provides that "[n]o person in the United States shall, on the basis of

3

sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX is enforceable through an individual's private right of action and allows for the recovery of damages. *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 639 (1999). Because Title IX was enacted under the Spending Clause, private damages actions are available only where recipients of federal funding had adequate notice that they could be liable for the conduct at issue. *Id.* at 640.

A plaintiff can bring a Title IX claim when there is an official policy of intentional discrimination by an institution. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). A plaintiff can also bring a Title IX claim when an institution itself intentionally acted in clear violation of Title IX by remaining deliberately indifferent to acts of discrimination of which it had actual knowledge. *Davis*, 526 U.S. at 642; *see Jackson*, 544 U.S. at 182 (deliberate indifference to sexual harassment constitutes intentional discrimination on basis of sex); *Gebser*, 524 U.S. at 290 (requirements of actual notice and deliberate indifference are restricted to cases that do not involve entity's official policy). To violate Title IX, a funding recipient need not have intended to violate Title IX, but need only have intended to treat women differently. *Pederson v. La. State Univ.*, 213 F.3d 858, 881 (5th Cir. 2000).

4

In her First Amended Petition, Plaintiff alleged that Washington treated boys and girls the same even though professional standards of care required him to treat them differently. She asserted that Washington's P.E. program violated Title IX because it did not consider the physical and metabolic differences between boys and girls. Plaintiff alleged DISD was liable under Title IX because A.I.'s school principal and nurse both knew that female students were more likely than males to be injured by Washington's punishment.

The previous judge granted DISD's motion to dismiss the Title IX claim in Plaintiff's First Amended Petition for multiple reasons. First, Plaintiff did not allege facts showing intentional discrimination. Her allegations that boys and girls were treated the same supported only a potential disparate impact claim, and Title IX does not provide a remedy for a disparate impact claim. In addition, even if Plaintiff's disparate impact claim was viable under Title IX, to establish DISD's liability, Plaintiff was required to allege that an appropriate person had actual knowledge of the alleged discrimination and responded with deliberate indifference. Plaintiff did not allege facts showing actual knowledge of an appropriate person or deliberate indifference. Plaintiff did not provide factual allegations to support her conclusory assertion about the principal's knowledge. As for the existence of deliberate indifference, Plaintiff did not allege how DISD handled the first five injuries,

and there was no evidence DISD was aware of them. Also, DISD investigated the incident involving A.I.

In Plaintiff's Second Amended Petition, Plaintiff asserts that Washington treated A.I. and other female students the same as the male students in physical education class when A.I. should have been treated "substantially different." Plaintiff again alleges DISD violated A.I.'s rights pursuant to Title IX by having "a physical exercise program that did not consider the physical and metabolic differences between boys and girls." The paragraph in which she sets out a claim for violations of Title IX (paragraph VIII), is identical to the Title IX paragraph in her First Amended Complaint. She alleges the elements of a Title IX claim, including that the defendant entity must be on notice of the mistreatment and be deliberately indifferent to the mistreatment. Plaintiff also alleges that DISD's failure "to have effective policies, procedures, practices, customs and professional training programs in place to insure A.I. was not a victim of discrimination" violated her rights under Title IX.

In its Motion to Dismiss the Second Amended Complaint, DISD contends Plaintiff has not cured the deficiencies in the pleadings. DISD argues Plaintiff's Second Amended Complaint does not identify an official policy of sex discrimination. DISD also argues that Plaintiff has again failed to state facts showing DISD had actual knowledge of discrimination and acted with deliberate indifference.

Plaintiff has not alleged facts amounting to an official policy of discrimination. To the extent she alleges DISD *failed* to have a policy in place, the failure to promulgate a policy does not constitute discrimination under Title IX. *Gebser*, 524 U.S. at 292.

In her response to DISD's motion to dismiss, Plaintiff asserts that her Title IX claim is viable pursuant to a "heightened risk analysis." The phrase "heightened risk analysis" does not appear in the Second Amended Complaint. Plaintiff argues in her response that the discrimination at issue is her heightened risk that the exercise regimen would injure female students. She further argues that the heightened risk was known by a staff member with authority to change the practice, the school principal Benjamin Dickerson. She also asserts DISD was deliberately indifferent to the heightened risk A.I. faced.

Plaintiff still has not pleaded facts to show intentional discrimination on the part of DISD. She alleges Washington treated boys and girls the same when punishing them for violations of the P.E. dress code, but should have treated them differently. Under the facts of this case, her "heightened risk" argument is just another way of alleging disparate impact. As stated in the previous opinion granting DISD's motion to dismiss the previous complaint:

> In *Alexander v. Sandoval*, the Supreme Court concluded that under Title VI, on which Title IX is patterned, there is no private right of action to enforce disparate impact claims. 532 U.S. 275, 280–81 (2001). While the Fifth Circuit has not addressed the issue since *Sandoval* was decided, courts within the Fifth Circuit and

around the country have interpreted *Sandoval* as allowing a private right of action to enforce disparate treatment claims only. *See, e.g., Manley v. Tex. S. Univ.*, 107 F. Supp. 3d 712, 726 (S.D. Tex. 2015); *see also Doe 1 v. Baylor Univ.*, 240 F. Supp. 3d 646, 657 n.3 (W.D. Tex. 2017).

Title IX does not provide a remedy for a disparate impact claim such as Plaintiff's.

Even if her disparate impact claim was actionable, Plaintiff has failed to allege facts that would show DISD knew that females had a heightened risk of injury from Washington's discipline methods. Plaintiff alleges in her Second Amended Petition that "a number of female students were significantly injured because of the mistreatment by Washington" and that the school principal, Dickerson, was aware of these injuries and mistreatment. She further alleges Principal Dickerson "observed students on a number of occasions doing ceiling jumps under the supervision and direction of Washington and was knowledgeable of the practice and its effects." She further alleges Dickerson failed to stop the injurious practice. Principal Dickerson may be an appropriate person for Title IX purposes. Nevertheless, these factual allegations do not support a conclusion that DISD knew that Washington intended to discriminate against female students through his punishment program. Without actual knowledge of discrimination, DISD cannot be liable under Title IX. Accordingly, the Court **GRANTS** DISD's motion to dismiss the Second Amended Complaint. Plaintiff has already been given an opportunity to cure the pleading deficiencies in her

complaint as to DISD. The Court concludes that further amendment is not warranted. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Accordingly, Plaintiff's claims against DISD are DISMISSED WITH PREJUDICE.

**Texas Education Code Claim Against Washington**

Defendant Washington also contends that Plaintiff's claim against him should be dismissed with prejudice. In her Second Amended Complaint, Plaintiff alleges that Washington "is liable to A.I. pursuant to Texas Education Code, Section 22.0511 as A.I. suffered physical injuries at the hand of Washington during a time period she was being punished by him." This is the exact allegation Plaintiff made in her First Amended Complaint for this cause of action. Plaintiff has not made any changes to her Complaint in connection with this claim. Section 22.0511 provides professional employees of a school district immunity in certain situations. *See* TEX. EDUC. CODE ANN. § 22.0511. In granting Washington's Motion to Dismiss Plaintiff's First Amended Complaint as to this claim, the previous judge determined that section 22.0511 does not provide an independent cause of action against Washington. *See Doe v. S & S Consol. I.S.D.*, 149 F.Supp.2d 274, 297 (E.D. Tex. 2001) (language used in section 22.0511 "does not affirmatively create rights for a plaintiff"). Plaintiff's Second Amended Complaint does not contain new allegations that would change this conclusion. The Court **GRANTS** Washington's Motion to Dismiss. Plaintiff has already been given an opportunity to cure the pleading

deficiencies in her complaint as to Washington. The Court concludes that further amendment is not warranted. *See Great Plains*, 313 F.3d at 329. Accordingly, Plaintiff's claims against Defendant Washington are DISMISSED WITH PREJUDICE.

**SO ORDERED**.

Signed December 30, 2019.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE